IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARROD R. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:08-CV-0598-K (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner is an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Nathaniel Quarterman, Director of TDCJ-CID.[1]

According to Petitioner, he is in custody pursuant to a conviction out of the Criminal District Court No. 7 of Dallas County, Texas. He entered a plea of guilty to the felony offense of possession of a controlled substance with intent to deliver and was sentenced on November 28,

---

[1]Respondent has not filed an answer; however, after reviewing Petitioner's petition, the court is of the opinion that the petition is time-barred. See *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999) (the court can raise the statute of limitations *sua sponte*.).

2006, to 15 years' incarceration. He did not file an appeal.

Petitioner filed one state habeas application on December 19, 2007, which was denied by the Texas Court of Criminal Appeals on February 20, 2008, without written order.

Petitioner's federal habeas petition was received and filed by the Clerk on April 7, 2007. His petition is not dated; however, the postmark on his envelope is dated April 4, 2007; therefore, the Court deems the petition to have been filed as of April 4, 2007.

Petitioner alleges (1) denial of his rights under the Fourth and Fourteenth Amendments because he was handcuffed for hours; (2) trial court error; (3) ineffective assistance of counsel; and (4) unlawful conviction based upon the use of evidence obtained from an unlawful arrest.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right

2

retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Further, Petitioner has failed to present any argument that he should be permitted to proceed under subparagraph (D). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final.

Because Petitioner did not appeal his conviction, his conviction became final on December 28, 2006. "If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'" *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (quoting § 2244(d)(1)(A)); *Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) ("limitations period began running . . . when time to appeal ran out"); Tex. R. App. P. 26.2(a) (a defendant has 30 days after the date his sentence is imposed in which to file a notice of appeal). Petitioner's federal habeas petition was therefore due by December 28, 2007. Because he filed his petition more than one year after his conviction became final on December 28, 2007, a literal application of § 2244(d)(1) renders his April 4, 2008 filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

Under the tolling provisions in § 2244(d)(2), the AEDPA's one-year limitation period is tolled during the time when any properly filed state application for post-conviction or collateral review is pending in the state courts. Thus, each day during which a "properly filed" application for collateral review is pending before the state courts is not counted and extends the limitation period by that number of days. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

Petitioner's state habeas application was filed on December 19, 2007, before the AEDPA's limitation period expired; therefore, he is entitled to tolling during the time that the state habeas application was pending. The Texas Court of Criminal Appeals denied the state habeas application on February 20, 2008; therefore, his federal limitation period was tolled for a period of 63 days. His federal petition was then due on or before February 29, 2008.

Petitioner's federal habeas petition was filed on April 4, 2008, after the federal limitations period expired; therefore, his federal habeas petition is time-barred.

Nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000)

4

(ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration prior to AEDPA's passage, illiteracy, deafness, lack of legal training, and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

Because neither statutory nor equitable tolling save Petitioner's April 4, 2008 filing, his federal habeas petition was filed outside the statutory period of limitations and should be deemed untimely.

## IV.  EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DISMISS** it with prejudice.

**SIGNED this 7th day of May, 2008.**

**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE