# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JARROD R. HARRIS, ID # 1407205, )<br>    Petitioner, )<br> )<br>vs. )<br> )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>    Respondent. ) | No. 3:08-CV-0598-K (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

## SUPPLEMENTAL
## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND[1]

Petitioner commenced this action in April 2007 to challenge his Dallas County conviction for possession with intent to deliver a controlled substance in Cause No. F06-66658-Y. According to petitioner, on June 2, 2006, he was charged with burglary of a habitation and unlawful possession of a controlled substance. On November 28, 2006, he pled guilty to the drug charge and was sentenced to fifteen years imprisonment. He claims that he is being held unlawfully because (1) his constitutional rights were violated when he was handcuffed for hours without evidence of any burglary; (2) the trial court abused its discretion when it failed to rule on filed motions; (3) his attorney rendered ineffective assistance; and (4) his conviction was obtained by use of evidence

---

[1] The Court will not restate matters set out in the original Findings, Conclusions, and Recommendation unless particularly pertinent to these supplemental findings.

from an unlawful arrest.

On May 7, 2008, the Court recommended that the instant action be dismissed as untimely because the statutory tolling provision, 28 U.S.C. § 2244(d)(2), provided insufficient tolling to make the petition timely, and because nothing in the petition indicated that rare and exceptional circumstances warranted equitable tolling. (*See* Findings, Conclusions, and Recommendation of the United States Mag. J. at 4.) After receiving objections to the recommendation on May 20 and 21, 2008, in which petitioner requests equitable tolling and state impediment consideration because he was not timely notified of the denial of his state writ, (*see* Notice of Obj'ns; Notice of Right Appeal/Object to Recommendation), the District Judge re-referred this action for further Findings, Conclusions, and Recommendation, (*see* Order of June 24, 2008). The next day, the Court ordered respondent to file an answer. (*See* Order to Show Cause.)

On August 25, 2008, respondent filed an answer in which he asserts that the petition is untimely, and not saved by statutory or equitable tolling. (*See* Answer at 4-9.) He also contends that petitioner's claims are unexhausted, waived, or not cognizable on federal habeas review. (*See id.* at 9-30.) On September 26, 2008, the Court received petitioner's reply to that answer wherein petitioner asserts for the first time that he filed his state habeas application more than a month prior to the December 19, 2007 filing date noted in the record. (*See* Reply.)

## II. STATUTE OF LIMITATIONS

The statute of limitations applicable to this action, 28 U.S.C. § 2244(d)(1), sets out four alternative dates which commence the limitations period – only two of which are relevant here: (A) the date on which the judgment of conviction became final and (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United

States is removed, if the applicant was prevented from filing by such State action.

**A. <u>Impediment</u>**

Petitioner contends that the State's failure to timely provide him a copy of the denial of his state writ constitutes an impediment under subparagraph (B).

Petitioner has shown no impediment that falls within the purview of § 2244(d)(1)(B). To satisfy that subparagraph, he "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). While this section does not define what constitutes an "impediment", its "plain language . . . makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). The impediment must prevent the filing of his federal application. *Davis v. Dretke*, No. 4:05-CV-398-Y, 2005 WL 2693002, at *2 (N.D. Tex. Oct. 19, 2005) (accepting recommendation of United States magistrate judge); *Green v. Dretke*, No. 3:03-CV-1424-K, 2004 WL 1844589, at *2 (N.D. Tex. Aug. 17, 2004) (findings, conclusions, and recommendation), *accepted by* unpub. order (N.D. Tex. Oct. 7, 2004).

The alleged lack of timely notice of the denial of petitioner's state writ does not fall within the purview of a State-created impediment within the meaning of § 2244(d)(1)(B) because it did not prevent petitioner from filing his federal petition. The alleged untimely notice is appropriately considered in the context of equitable tolling, *see Coker v. Quarterman*, 270 Fed. App'x 305, 308 n.3 (5th Cir. 2008) (per curiam) (relying on *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000)), not as a State-created impediment. Therefore, the one-year statute of limitations is calculated from the date petitioner's judgment of conviction became final.

## B. Finality of Judgment of Conviction

No party disputes the calculation in the original recommendation that petitioner's conviction became final on December 28, 2006. Petitioner's federal habeas petition was therefore due by December 28, 2007. Because he filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders his April 4, 2008 filing untimely.

## C. Tolling

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

### 1. *Statutory Tolling*

Under the tolling provisions in § 2244(d)(2), the AEDPA's one-year limitation period is tolled during the time when any properly filed state application for post-conviction or collateral review is pending in the state courts. Thus, each day during which a "properly filed" application for collateral review is pending before the state courts is not counted and extends the limitation period by that number of days. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

Although petitioner contends that he filed his state writ in November 2007, he concedes that his initial submission was returned to him. This initial submission thus does not statutorily toll the

4

limitations period. He properly filed his state writ on December 19, 2007. That filing commenced a period of statutory tolling, which ended when the Texas Court of Criminal Appeals denied the state habeas application on February 20, 2008. However, as pointed out by respondent, petitioner also filed an out-of-time notice of appeal on February 13, 2008. (*See* Answer at 6.) An out-of-time appeal granted to a Texas inmate acts as a post-conviction habeas application to statutorily toll the limitations period until resolution of the out-of-time appeal. *Cf. Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004) (addressing issue in related concept of an out-of-time PDR). Because respondent accepts that petitioner is entitled to statutory tolling until the February 13, 2008 out-of-time appeal was dismissed on March 5, 2008, (*see* Answer at 6-7), the Court will do likewise.[2] Under that concession, petitioner is entitled to statutory tolling through March 5, 2008. *See Harris v. State*, No. 05-08-00223-CR, 2008 WL 588935, at *1 (Tex. App. – Dallas, Mar. 5, 2008, no pet.) (per curiam) (dismissing petitioner's appeal for lack of jurisdiction). His federal petition was due nine days later on March 14, 2008.[3]

Because petitioner filed his federal habeas on April 4, 2008,[4] twenty-one days after it was

---

[2] Because petitioner's prior filings did not indicate that he had appealed his conviction in any respect, the appeal was not considered.

[3] Respondent indicates that petitioner is entitled to seventy days statutory tolling, and calculates the due date for the federal petition as March 7, 2008. (*See* Answer at 7.) In light of petitioner's out-of-time appeal that was dismissed on March 5, 2008, petitioner is entitled to seventy-seven days statutory tolling, and his federal petition was due nine days after the March 5, 2008 dismissal.

[4] Respondent indicates that petitioner filed his federal petition on April 22, 2008. (*See* Answer at 2, 7.) That date, however, represents the date that petitioner signed his amended federal petition, which raised the same claims as his properly filed original petition received by the Court on April 7, 2008. As discussed in the original recommendation, the Court considers petitioner's federal petition filed as of April 4, 2008, the postmark date on the envelope used to submit the filing to this Court. Petitioner has voiced no objection to that filing date.

due, his federal habeas petition is time-barred in the absence of equitable tolling.[5]

## 2. *Equitable Tolling*

Although petitioner initially provided no indication that rare and exceptional circumstances warrant equitable tolling, he requests equitable tolling in his objections to the original recommendation. He provides official documentation which shows that the Texas Court of Criminal Appeals mailed him notice of the denial of his state habeas application on March 18, 2008, and that his prison facility received it on Friday, March 21, 2008. He contends that prison officials did not notify him of the denial of his state habeas application until March 24, 2008.

In *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998) the Fifth Circuit Court of Appeals held, "as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction . . . [and thus] could be equitably tolled, albeit only in 'rare and exceptional circumstances.'" *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir.

---

[5] Relying on *Bowles v. Russell*, 127 S. Ct. 2360 (2007), respondent argues that equitable tolling is no longer available in federal habeas actions. (See Answer at 8.) However, the Fifth Circuit has specifically rejected such argument. *See Coker v. Quarterman*, 270 Fed. App'x 305, 308 n.1 (5th Cir. 2008) (per curiam). Furthermore, as noted in the Eastern District of Texas: "Respondent overlooks the fact that *Bowles* referred to time limits which are *jurisdictional*, such as notices of appeal, and the habeas corpus statute of limitations is not jurisdictional." *Patterson v. Director, TDCJ-CID*, No. 6:07-CV-326, 2007 WL 4368583, at *6 n.2 (E.D. Tex. Dec. 13, 2007) (adopting recommendation of Mag. J.). In the absence of a specific pronouncement by the Fifth Circuit or the Supreme Court, this Court continues to consider equitable tolling in federal habeas actions.

1995)). The Supreme Court has suggested that "equitable considerations may make it appropriate for federal courts" to toll the "statute of limitations for unexhausted federal habeas petitions." *Duncan v. Walker*, 533 U.S.167, 183-84 (2001) (Stevens, J., concurring ). Nevertheless, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

In this instance, petitioner did not diligently pursue habeas relief. Although his state judgment of conviction became final in December 2006, he did not file a state habeas application until nine days before the federal limitations period expired. Even taking as true his assertion that he attempted to file the state petition in November 2006, he still took approximately eleven months after his conviction became final to commence the state habeas process. He provides no explanation for that delay. Because of this unexplained delay, the circumstances of this case are not extraordinary enough to qualify for equitable tolling. *See Coleman*, 184 F.3d at 403 (finding that an unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"). Equitable tolling is not warranted on the facts of this case.

Because neither statutory nor equitable tolling save petitioner's April 4, 2008 filing, his federal habeas petition was filed outside the statutory period of limitations and should be deemed untimely. Moreover, even if the Court were to grant petitioner tolling for the delayed notice, petitioner did not file his federal petition within nine days of March 24, 2008. To be timely with such tolling, petitioner would have had to have filed his federal petition no later than April 2, 2008. He did not do so.

7

## III. PETITIONER'S CLAIMS

Notwithstanding the untimeliness of this action, the Court proceeds to the merits of petitioner's claims. Because some claims are related or impact resolution of other claims, the claims are not considered in the order presented.

### A. Search and Seizure

In his first claim, petitioner asserts that his constitutional rights were violated when he was handcuffed for hours without evidence of a crime. In his fourth claim, he alleges that he was illegally arrested because he was handcuffed before officers searched and found drugs.

These claims allege an unconstitutional search and seizure arising under the Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment. *See Stone v. Powell*, 428 U.S. 465, 480-81 (1976); *Avery v. Procunier*, 750 F.2d 444, 448 (5th Cir. 1985). This Court, however, cannot grant federal habeas relief on such claims when "the State has provided an opportunity for full and fair litigation" of them. *See Stone*, 428 U.S. at 494. In *O'Berry v. Wainwright*, 546 F.2d 1204 (5th Cir. 1977), the Fifth Circuit expounded upon the rule laid out in *Stone*:

> We conclude that where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court. Where, however, the facts are undisputed, and there is nothing to be served by ordering a new evidentiary hearing, the full and fair consideration requirement is satisfied where the state appellate court, presented with an undisputed factual record, gives full consideration to defendant's Fourth Amendment claims. Such a distinction makes practical sense because it ensures that a criminal defendant is given a full hearing on his Fourth Amendment claims and the facts underlying those claims at least once at the state level, but it does not require the State to hold evidentiary hearings which would be useless and inefficient. . . .
> . . .
> Second, *Stone* only requires that the State provide an opportunity for full and fair adjudication of Fourth Amendment claims. Thus, if Petitioner deliberately bypassed state procedures for making his Fourth Amendment objections known or

8

if he knowingly waived his Fourth Amendment objections, then a federal District Court would be precluded from granting habeas corpus relief on Fourth Amendment grounds despite the fact that no state hearing was in fact held on Petitioner's claims.

546 F.2d at 1213-14 (footnotes omitted).

In this case, petitioner filed two motions to suppress on November 20, 2006, *see* S.H. Tr.[6] at 38, 43, but the trial court did not rule on them before he pled guilty. Petitioner did not challenge the alleged illegal search and seizure on appeal. He did not collaterally raise such challenge until he filed his state petition for writ of habeas corpus. Accordingly, these claims are barred from consideration by this Court on habeas review by *Stone*.

> An "opportunity for full and fair litigation" means just that: an opportunity. If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes.

*Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978), *accord*, *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).

Because Texas provides the processes whereby petitioner could have obtained full and fair litigation of the alleged illegal search and seizure, *Stone* bars this Court's consideration of the claims on habeas review. Claims 1 and 4 entitle petitioner to no federal habeas relief.

## B. <u>Ineffective Assistance of Counsel/Voluntariness of Plea</u>

In his third claim, petitioner alleges that his attorney rendered ineffective assistance by failing to investigate his case and inducing him to plead guilty.

A plea of guilty waives a number of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Thus, the Fourteenth Amendment Due Process Clause imposes certain requirements

---

[6] "S.H. Tr." denotes the state habeas records attached to *Ex parte Harris*, No. 69,311-01, slip op. (Tex. Crim. App. Feb. 20, 2008).

to ensure the validity of a guilty plea. *Fischer v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978) (citing *Brady v. United States*, 397 U.S. 742 (1970); *Boykin*, 395 U.S. 238; *Johnson v. Zerbst*, 304 U.S. 458 (1938)).

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady*, 397 U.S. at 748). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer*, 584 F.2d at 693 (quoting *Brady*, 397 U.S. at 749). In determining whether a plea is voluntary and intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

A prisoner may not generally "collaterally attack a voluntary and intelligent" plea. *Id.* at 327. A guilty plea "entered by one fully aware of the direct consequences . . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)." *See Brady*, 397 U.S. at 755. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981) (per curiam). The consequences of a guilty plea means only that the defendant knows "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (internal quotations omitted).

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with

'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-771 (1970)). With respect to such pleas, "[c]ounsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (applying *Strickland* test in the plea context). To satisfy the prejudice requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

In this case, petitioner entered into a plea agreement whereby he would plead guilty to possession of a controlled substance with intent to deliver in exchange for an agreed fifteen year sentence. S.H. Tr. at 55. By signing the agreement, petitioner affirmatively stated that he understood the consequences of his plea, and he signed a judicial confession whereby he confessed that he committed the charged offense. *Id.* at 56-57. By pleading guilty, petitioner received the statutory minimum sentence for his offense, and avoided the prospect of a greater sentence, including the statutory maximum of life imprisonment. *Id.* at 55. Although he attacks the voluntariness of his plea through his claim of ineffective assistance of counsel, petitioner has not shown any deficiency of counsel that rendered his plea involuntary. Because his attorney had filed motions to suppress,

he has not shown how further investigation would have altered the advice to plead guilty or uncovered anything useful to his defense. Petitioner has also not affirmatively demonstrated that he would have insisted on going to trial in the absence of the alleged deficiencies. He has shown no ineffective assistance of counsel.

The record simply does not support a finding that petitioner's guilty plea was involuntary. The totality of the circumstances reflects that petitioner had a clear understanding of the proceedings against him, the nature of the offense for which he was charged, and the consequences of entering his plea. Although petitioner states that his attorney induced him to plead guilty, he provides nothing to show any inducement on the part of his attorney that would render his plea involuntary. Petitioner has not overcome the presumption of regularity and "great weight" accorded state-court records. *See Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that state-court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that state-court records "are entitled to a presumption of regularity").

Given the totality of the circumstances, it is evident that petitioner fully understood the charge against him and the consequences of his plea. Thus, his plea is knowing, intelligent, and voluntary. Claim 3 provides no basis for federal habeas relief.

## C. **Trial Court Error**

In his second claim, petitioner alleges that the trial court abused its discretion when it failed to rule on the two motions to suppress filed by his attorney. However, once a criminal defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the proceedings below are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Nelson v.*

*Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Because the alleged trial court error is non-jurisdictional in nature, petitioner's voluntary plea waived his second claim. Claim 2 entitles petitioner to no federal habeas relief.

## IV. EVIDENTIARY HEARING

Upon review of the petition and answer filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 16th day of January, 2009.**

**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE